Columbia, November, 1875.

HEARD NOVEMBER TERM, 1875.

### RHODES vs. RAILROAD COMPANY.

Courts of Trial Justices have jurisdiction in actions *ex delicto* where the damages claimed do not exceed one hundred dollars.

BEFORE MAHER, J., AT AIKEN, JANUARY TERM, 1874.

M. Rhodes and R. Red brought separate actions *ex delicto* before a Trial Justice against the Wilmington, Columbia and Augusta Railroad Company. The defendant demurred in each case to the jurisdiction of the Court. The Trial Justice overruled the demurrer and gave judgment for the plaintiff.

Appeals were taken to the Circuit Court and His Honor the Circuit Judge filed his opinion and decree as follows :

MAHER, J. These cases come up on appeal from a Court of Trial Justice. . The actions were brought to recover damages not exceeding one hundred dollars for injury to the personal property of the plaintiffs. The defendants demurred to the jurisdiction of the Court by law. The demurrers were overruled, and, the cases being tried on their merits, judgments were rendered for the plaintiffs respectively. The appeals renewed here the question of law raised by the demurrers, and the only matter brought into controversy is the constitutionality of subdivision 2, Section 74, of the Code of Procedure, which confers upon Trial Justices' Courts civil jurisdiction in "an action for damages pertaining to the person, or the personal or real property, if the damages claimed do not exceed one hundred dollars." Section 1, Article IV, of the Constitution, after apportioning the judicial power of the State among certain Courts therein named, authorizes the General Assembly to "establish such municipal and other inferior Courts as may be deemed necessary."—*The State* vs. *Fillebrown*, 2 S. C., 404. This clause received construction, and it was there held that the term "inferior Courts" is used in its technical sense, as signifying Courts of limited and special powers, whose jurisdiction must appear on the face of the proceedings to give validity to their judgments. And upon very full and satisfactory reasoning, it was further considered by the Court that where the jurisdiction of Justices of the Peace is not made exclusive by the Constitution, either expressly or by necessary implication, a like jurisdiction co-extensive in its limits may

be vested by Act of the Legislature in Courts of Trial Justices or other inferior Courts established by authority of Section 1, Article IV. " It does not follow," says the Court, " that such other inferior Courts are to be of more limited jurisdiction than the Court of the Justice of the Peace. It is by the authority of the Constitution that they are to be established; and if by the same Section it had already provided for a Court which is already recognized as an inferior Court, it clearly shows an intention not to limit such Courts to the one expressly named, but to leave it to the discretion of the Legislature to multiply them if in its judgment necessary." Section 15 of Article IV (Cons.) provides that the Courts of Common Pleas shall have " exclusive original jurisdiction in all cases and actions *ex delicto* which shall not be cognizable before Justices of the Peace." This Section relates exclusively to Courts of Common Pleas, and Justices of the Peace are evidently referred to only to indicate in general terms certain cases within their cognizance which alone are excepted from the exclusive jurisdiction of the Courts whose powers are under definition. The particular actions which shall not be cognizable before the Justices, and the character of the jurisdiction to be exercised by them in such actions, whether exclusive or concurrent, are not determined by this Section. Reference must be had to other provisions of the Constitution for definite information on these points. Section 22 of the same Article relates to Courts of Justice of the Peace, and declares among other things that they shall have " such jurisdiction as may be provided by law in actions *ex delicto* when the damages claimed do not exceed one hundred dollars."

The inquiry is, what cases and actions *ex delicto* shall not be cognizable before Justices of the Peace within the meaning of Section 15? Section 22 defines the actions which shall be cognizable before the Justices, though it makes their jurisdiction dependent upon the discretion of the Legislature. But in restricting the power of the Legislature in conferring such jurisdiction to actions where the damages claimed shall not exceed one hundred dollars, a definite answer is afforded to the inquiry what actions shall *not* be cognizable before Justices of the Peace. Manifestly, they are actions where the damages claimed do exceed one hundred dollars. Actions *ex delicto* claiming damages not exceeding one hundred dollars are potentially cognizable before Justices of the Peace, since the Legislature is expressly authorized to confer the jurisdiction; and, when

so conferred, the Justices, though deriving it immediately from the enabling Act, nevertheless, like the appointee of a power, may be said to hold by virtue of the original grant—the express warrant of the Constitution itself. But by no possibility short of an amendment to the Constitution could Justices of the Peace exercise rightful jurisdiction in actions *ex delicto* where the damages claimed exceed one hundred dollars. These are emphatically, in the language of Section 15, cases and actions which *shall not be* cognizable before Justices of the Peace and in all respects answer the description of the cases and actions which by that Section are placed within the exclusive jurisdiction of the Courts of Common Pleas. Reading Sections 15 and 22 in connection, my construction is that the exclusive jurisdiction of Courts of Common Pleas extends to all cases and actions *ex delicto* in which the claim of damages exceeds one hundred dollars.

The jurisdiction of Justices of the Peace in actions *ex delicto* is not exclusive by the terms of the Constitution; on the contrary, it is left to the discretion of the Legislature whether to confer or withhold it in whole or in part. The concurrent jurisdiction of Courts of Common Pleas in cases cognizable before the Justices may confidently be affirmed, since these Courts of superior and general jurisdiction are recognized by the Constitution as pre-established and could be outside of their cognizance in all cases of tort only by express provisions or necessary implication.—*State* vs. *Walker*, 14 Rich., 36. And upon the authority of *State* vs. *Fillebrown*, it must be adjudged that the Legislature has the authority under the Constitution to vest in Courts of Trial Justices, and other inferior Courts which it may establish under Section 1 of Article IV, a like concurrent jurisdiction in actions *ex delicto* where the damages claimed do not exceed one hundred dollars, and accordingly that subdivision 2 of Section 74 of the Code of Procedure is a valid and competent act of legislation, not being in conflict with the provision of the Constitution. There was, therefore, no error in the judgments of the Court below overruling the demurrers. Wherefore, it is ordered that the judgments rendered below in these cases be affirmed, and that the plaintiffs have leave to enter judgment of affirmance, with costs, to be taxed by the Clerk of this Court.

The defendant appealed.

*Rion,* for appellants:

According to Section 15, Article IV, Constitution, "The Courts of Common Pleas have *exclusive* original jurisdiction in all cases and actions *ex delicto* which shall not be cognizable before Justices of the Peace."

Section 22 of the same Article gives Justices of the Peace "such jurisdiction *as may be provided by law* in actions *ex delicto* where the damages claimed do not exceed one hundred dollars."

There has been no provision of law giving Justices of the Peace any jurisdiction in actions *ex delicto,* therefore the jurisdiction of the Common Pleas remains *exclusive.*

The Trial Justices are not the Justices of the Peace of the Constitution—the former being *appointed* by the Governor, and the latter elected by the people.

It is respectfully submitted that the error of His Honor the Circuit Judge consists in not considering:

1. That under the Constitution the General Assembly might have provided by law for the jurisdiction of the Justices of the Peace in actions *ex delicto* for any amount less than one hundred dollars, (*e. g.,* twenty dollars,) and that in such case the jurisdiction of the Common Pleas would remain exclusive for amounts over the one provided.

2. That there has been no provision by law for jurisdiction of Justices of the Peace in actions *ex delicto for any amount* whatever.

The case of *State* vs. *Fillebrown,* (2 S. C., 404,) does not apply. That was a criminal proceeding, and the jurisdiction was sustained under Section 19, Article I, of the Constitution.

*Croft,* contra:

1. Trial Justices have jurisdiction in actions for damages for injury to personal property.—Code of Procedure, § 74, sub. 2.

2. Article IV, Section 1, of the Constitution, after apportioning the judicial power of the State in the several Courts therein named, gives the General Assembly authority to establish such municipal and other inferior Courts as may be deemed necessary. In *The State* vs. *Fillebrown,* this Section of the Constitution received construction, and it was then held that "power is given the General Assembly to establish inferior Courts to any extent they may deem necessary."

3. The jurisdiction of Trial Justices is not exclusive.—Article IV, Section 22, Constitution; *State* vs. *Fillebrown*. The General Assembly, having the right to establish such other inferior Courts as may be deemed necessary, may confer upon them the same jurisdiction as Trial Justices' Courts have, because there is nothing in the Constitution prohibitory to this.

4. In construing constitutional questions, the Courts should be governed by the following rules:

"Legislative department is not made a special agency for the exercise of specifically-defined legislative powers, but it is entrusted with the general authority to make laws at discretion."—Cooley Const. Lim., 87.

"In inquiring, therefore, whether a general statute is constitutional, it is for those who question its validity to show that it is forbidden."— Cooley Const. Lim., 88; *People* vs. *Draper*, 15 N. Y., 543.

"Except when the Constitution has imposed limits upon the legislative power, it must be considered as practically absolute."—Cooley Const. Lim., 168.

"The legislative power is only limited by express constitutional provision."—Cooley Const. Lim., 171, 172, 173.

"The law-making power of a State recognizes no restraints, and is bound by none except as are imposed by the Constitution."—Cooley Const. Lim., 173, 174.

"The constitutionality of a law must be presumed until its violation of the Constitution is proved beyond all reasonable doubt."—Cooley Const. Lim., 183.

"A reasonable doubt must be solved in favor of the legislative action, and the Act be sustained."—Cooley Const. Lim., 182, and authorities there cited.

December 14, 1875. The opinion of the Court was delivered by

WRIGHT, A. J. A single question is raised by the appeal in these cases, and that is: Whether a Trial Justice has jurisdiction in actions *ex delicto.*

Section 1, Article IV, of the Constitution reads as follows: "The judicial power of this State shall be vested in a Supreme Court, in two Circuit Courts, to wit, a Court of Common Pleas, having civil jurisdiction, and a Court of General Sessions, with criminal

jurisdiction only, in Probate Courts and in Justices of the Peace. The General Assembly may also establish such municipal and other inferior Courts as may be deemed necessary." Under this provision the Courts of Trial Justices have been established and their civil jurisdiction defined by Section 74 of the Code, the first subdivision of which extends it to contracts to a limited amount, the second to an action "for damages for injury to rights pertaining to the person, or the personal or real property, if the damages claimed do not exceed one hundred dollars, and in cases of bastardy."

By Section 24, Article IV, of the Constitution, Justices of the Peace may exercise such jurisdiction as may be provided by law in actions *ex delicto* where the damages claimed do not exceed one hundred dollars, &c.

In the case of the *State* vs. *Fillebrown*, (2 S. C., 404,) it is held that the General Assembly, by said Section 1 of Article IV of the Constitution, may confer upon an inferior Court created by itself the same jurisdiction which that instrument proposed for Justices of the Peace.

The General Assembly having established Courts of Trial Justices, and vested them with jurisdiction in actions *ex delicto* "where the damages claimed do not exceed one hundred dollars," they have, to such extent, concurrent jurisdiction in suits of that character with the Circuit Court.

The motion in each of the cases is dismissed.

*Moses*, C. J., and *Willard*, A. J., concurred.